# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>IRAH LEE GOODWIN,<br><br>　　　　　　Defendant. | Crim. No. 12-26(12) (JRT/JSM)<br><br>**MEMORANDUM OPINION<br>AND ORDER DENYING 28 U.S.C.<br>§ 2255 MOTION** |

Andrew R. Winter, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Matthew D. Forsgren, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, for defendant.

On November 7, 2013, defendant Irah Lee Goodwin pled guilty to one count of Assault with a Dangerous Weapon in Aid of Racketeering in violation of 18 U.S.C. §§ 2, 1959(a)(3). (Plea Hr'g Min. Entry, Nov. 7, 2013, Docket No. 1333.) As part of the plea agreement, the parties stipulated that Goodwin is a Career Offender as defined in the United States Sentencing Guidelines (the "Guidelines") §§ 4B1.1, 4B1.2,[1] based on two

---

[1] All references to the Guidelines are to the version that went into effect on November 1, 2013, and thus was in effect at the time of Goodwin's sentencing on December 11, 2013. In the applicable Guidelines, the term "Career Offender" requires that "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). In turn, "crime of violence" includes a residual clause (in bold) and is defined as follows :

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(Footnote continued on next page.)

prior convictions: (1) simple robbery, and (2) Terroristic Threats pursuant to Minn. Stat. § 609.713, subd. 1. Based on the parties' stipulations, the plea agreement stated that application of the Career Offender Guideline would result in a Guidelines range of 168 to 210 months' imprisonment. The parties further stipulated to a joint recommendation of 210 months' imprisonment, and Goodwin waived the right to appeal a sentence at or below 210 months' imprisonment. On December 11, 2013, the Court sentenced Goodwin to 210 months' imprisonment. (Am. J. in Crim. Case, Jan. 7, 2014, Docket No. 1353.)

On June 24, 2016, Goodwin filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[2] Goodwin argues that his stipulation that he is a Career Offender under

---

(Footnote continued.)

> (2) is burglary of a dwelling, arson, extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**.

§ 4B1.2(a) (emphasis added).

[2] Section 2255 permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on "the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). The Court is permitted under § 2255 to reconsider an issue raised on direct appeal if there is an intervening change in the law. *See English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993).

the Guidelines was premised on an understanding, at the time, that the definition of Career Offender in the applicable Guidelines did in fact apply to him.

Goodwin's motion is based on the Supreme Court's intervening decision in *Johnson v. United States*, which invalidated – as unconstitutionally vague – the residual clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), found at 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. 2551, 2557 (2015); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* established a new rule of substantive law, and thus, it applies retroactively to cases on collateral review). Goodwin argues that the residual clause in the definition of "crime of violence" found in § 4B1.2(a), which is similar to the unconstitutional residual clause in the ACCA's definition of "violent felony," is unconstitutionally vague just as the ACCA provision was unconstitutionally vague. Goodwin further argues that because the residual clause in § 4B1.2(a)(2) is invalid under *Johnson* and *Welch*, Goodwin is not a Career Offender, since his conviction for Terroristic Threats was only considered as a "crime of violence" by operation of the residual clause. Goodwin contends that his understanding that he was a Career Offender as defined in the Guidelines influenced his decision to stipulate to a sentence at the top of the 210-month Guidelines range, and thus he is entitled to resentencing.

On December 9, 2016, the Court stayed the United States' response to Goodwin's motion pending the resolution of *Beckles v. United States*, which the Supreme Court decided on March 6, 2017. 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court

rejected extending the *Johnson* holding to § 4B1.2(a)(2), reasoning that the "Guidelines are not subject to vagueness challenges under the Due Process Clause." *Id.* at 890. Thus, *Beckles* forecloses any argument that the residual clause in § 4B1.2(a)(2) is unconstitutional under *Johnson*. Because this is the only argument Goodwin raises in his motion, the Court will deny the motion.

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court finds it unlikely that another court would decide the issues raised in Goodwin's motion differently and the issues are not debatable or deserving of further proceedings. The Court therefore concludes that Goodwin has failed to make the required substantial showing of the denial of a constitutional right and will deny a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Irah Lee Goodwin's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Docket No. 1625] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(2) the issues raised in Goodwin's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 4, 2017                       _____s/John R. Tunheim_____
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                                    Chief Judge
                                               United States District Court