# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-26(12) (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION AND MOTION TO APPOINT COUNSEL** |
| IRAH LEE GOODWIN, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Andrew R. Winter, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Irah Lee Goodwin, No. 16195-041, Allenwood USP, P.O. Box 3000, White Deer, PA 17887, *pro se* defendant.

Defendant Irah Lee Goodwin is serving a 210-month term of imprisonment. On July 13, 2018, Goodwin filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He concurrently filed a motion to appoint counsel. Because Goodwin previously filed a § 2255 motion that the Court denied on the merits, the Court will deny the present § 2255 motion for lack of jurisdiction and will deny the motion to appoint counsel as moot.

## BACKGROUND

On November 7, 2013, Goodwin pled guilty to one count of Assault with a Dangerous Weapon in Aid of Racketeering in violation of 18 U.S.C. §§ 2, 1959(a)(3).

(Plea Hr'g Min. Entry, Nov. 7, 2013, Docket No. 1333.) As part of the plea agreement, the parties stipulated that Goodwin is a career offender as defined in the United States Sentencing Guidelines (the "Guidelines") §§ 4B1.1, 4B1.2, based on two prior convictions: (2) simple robbery and (2) Terroristic Threats pursuant to Minn. Stat § 609.713, subd. 1. (Plea Agreement on file with the Ct., Nov. 7, 2013, Docket No. 1334.) The parties jointly recommended a sentence of 210 months' imprisonment in accordance with the Career Offender Guideline's recommended range of 168 to 210 months. (Def.'s Position on Sentencing at 4, Dec. 9, 2013, Docket No. 1340; Government's Position on Sentencing at 6, Dec. 11, 2013, Docket No. 1342.) On December 11, 2013, the Court sentenced Goodwin to 210 months' imprisonment. (Am. J. in Crim. Case, Jan. 7, 2014, Docket No. 1353.)

On June 24, 2016, Goodwin filed a motion to vacate his sentence ("First Motion to Vacate") pursuant to 28 U.S.C. § 2255. (1st Mot. to Vacate, Jun. 24, 2016, Docket No. 1625.) In his First Motion to Vacate, Goodwin relied on *Johnson v. United States*, where the Supreme Court held that the definition of "violent felony" in the residual clause of the Armed Career Criminal Act[1] was invalid as unconstitutionally vague. *See* 135 S. Ct. 2552, 2557 (2015). Goodwin argued that the residual clause in the definition of "crime of violence" found in § 4B1.2(a) of the Guidelines was similarly vague and invalid. (1st Mot. to Vacate at 1.) Goodwin further argued that, because his prior conviction for Terroristic Threats was only considered a "crime of violence" by operation of the residual clause in § 4B1.2(a), he should not have been sentenced as a career offender. (*Id.*) Applying *Beckles*

---

[1] 18 U.S.C. § 924(e)(2)(B)(ii)

*v. United States*, 137 S. Ct. 886, 895 (2017), where the Supreme Court held that the Guidelines are not subject to vagueness challenges under the Due Process Clause, the Court denied Goodwin's First Motion to Vacate, (Order Den. Mot. to Vacate at 3-4, Aug. 4, 2017, Docket No. 1763).

On July 13, 2018, Goodwin filed two motions concurrently: (1) a second motion to vacate ("Second Motion to Vacate") under 28 U.S.C. § 2255, (2d Mot. to Vacate, July 13, 2018, Docket No. 1847); and (2) a motion to appoint counsel, (Mot. to Appoint Counsel, July 13, 2018, Docket No. 1846). In his Second Motion to Vacate, Goodwin argues again that the residual clause in § 4B1.2 of the Guidelines is unconstitutionally vague, (2d Mot. to Vacate at 1-2), this time relying on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Supreme Court applied *Johnson* to hold that the residual clause in the Immigration and Nationality Act's ("INA") definition of "crime of violence" was unconstitutionally vague. 138 S. Ct at 1223.

## DISCUSSION

### I. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Section 2255(a) permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). Such relief "is reserved for transgressions of constitutional rights and for a narrow range

of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States,* 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). When a prisoner files more than one motion under § 2255, a district court may not hear the successive petition unless it has been "certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h).

Because the Court denied Goodwin's First Motion to Vacate on the merits, his Second Motion to Vacate should be treated as a second or successive § 2255 motion. *See U.S. v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) ("a key factor in determining whether a petition should be considered 'second or successive' is whether a prior petition has been adjudicated on the merits." (quoting *Nims v. Ault*, 251 F.3d 698, 704-05 (8th Cir. 2001) (Bye, J. dissenting))). Since Goodwin has not received certification from the appropriate court of appeals, this Court lacks jurisdiction to hear his Second Motion to Vacate.

Even if this Court had jurisdiction to hear Goodwin's Second Motion to Vacate, it would be compelled to deny it. The Court remains bound by *Beckles*, which precludes vagueness challenges to the Guidelines. Because Goodwin raises only a vagueness argument, his motion fails under *Beckles*.

## II.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that

"the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court finds it unlikely that another court would decide the issues raised in Goodwin's motion differently and the issues are not debatable or deserving of further proceedings. The Court therefore concludes that Goodwin has failed to make the required substantial showing of the denial of a constitutional right and will deny a Certificate of Appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket No. 1847] is **DENIED**.

2. Plaintiff's Motion to Dismiss for Lack of Jurisdiction [Docket No. 1851] is **GRANTED.**

3. Defendant's Motion to Appoint Counsel [Docket No. 1846] is **DENIED** as moot.

4. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c)(2) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 29, 2018 _____s/John R. Tunheim\_\_\_\_  
at Minneapolis, Minnesota. JOHN R. TUNHEIM  
Chief Judge  
United States District Court