# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-26(12) (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION AND MOTION TO APPOINT COUNSEL** |
| IRAH LEE GOODWIN, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Andrew S. Dunne, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Irah Lee Goodwin, No. 16195-041, Allenwood USP, P.O. Box 3000, White Deer, PA 17887, *pro se* defendant.

Defendant Irah Lee Goodwin is serving a 210-month term of imprisonment. On July 23, 2019, Goodwin filed a motion to appoint counsel and to modify his sentence. The Court construes Goodwin's request as a 28 U.S.C. § 2255 motion. Because Goodwin previously filed a § 2255 motion that the Court denied on the merits, the Court will deny the present § 2255 motion for lack of jurisdiction and will deny the motion to appoint counsel as moot.

## BACKGROUND

On November 7, 2013, Goodwin pleaded guilty to one count of Assault with a Dangerous Weapon in Aid of Racketeering in violation of 18 U.S.C. §§ 2, 1959(a)(3). (Plea Hr'g Min. Entry, Nov. 7, 2013, Docket No. 1333.) As part of the plea agreement,

the parties stipulated that Goodwin is a career offender as defined in the United States Sentencing Guidelines (the "Guidelines") §§ 4B1.1, 4B1.2, based on two prior convictions: (1) simple robbery and (2) Terroristic Threats pursuant to Minn. Stat § 609.713, subd. 1. (Plea Agreement on file with the Ct., Nov. 7, 2013, Docket No. 1334.) The parties jointly recommended a sentence of 210 months' imprisonment in accordance with the Career Offender Guideline's recommended range of 168 to 210 months. (Def.'s Position on Sentencing at 4, Dec. 9, 2013, Docket No. 1340; Govt.'s Position on Sentencing at 6, Dec. 11, 2013, Docket No. 1342.) On December 11, 2013, the Court sentenced Goodwin to 210 months' imprisonment. (Am. J. in Crim. Case at 1–2, Jan. 7, 2014, Docket No. 1353.)

Goodwin has moved several times to vacate or reduce his sentence. In 2016, Goodwin argued that under *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) he should not have been sentenced as a career offender. (Mot. to Vacate at 1, Jun. 24, 2016, Docket No. 1625.) The Court denied the motion, explaining that under *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), the Guidelines are not subject to vagueness challenges under the Due Process Clause. (Order Den. Mot. to Vacate at 3-4, Aug. 4, 2017, Docket No. 1763.) In 2018, Goodwin filed a second motion to vacate, based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (Mot. to Vacate, Jul. 13, 2018, Docket No. 1847.) Goodwin also moved to appoint counsel. (Mot. to Appoint Counsel, July 13, 2018, Docket No. 1846). The Court denied Goodwin's second motion based on lack of jurisdiction, and denied his request for counsel as moot. (Order Den. Mot. to Vacate and Mot. to Appoint Counsel at 4-5, Oct. 29, 2018, Docket No. 1869.)

Presently before the Court is Goodwin's third motion to vacate and appoint counsel. (Mot. to Appoint Counsel, July 23, 2019, Docket No. 1923.) Goodwin argues that he is "entitled to a sentence modification" based on *United States v. Davis*. 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court applied *Johnson* and *Dimaya* to hold that the residual clause in 18 U.S.C. § 924(c)'s definition of "crime of violence" was unconstitutionally vague. 139 S. Ct. at 2326-27, 2336. Goodwin also moves again to appoint counsel. On August 30, 2019, Goodwin filed a second document reiterating his requests. (Addendum to Mot. to Appoint Counsel, Aug. 30, 2019, Docket No. 1928.) The Court considers these to be one motion.

## DISCUSSION

### I. MOTION TO VACATE

The Court construes Goodwin's pro se motion liberally. *United States v. Wilson*, 621 F.2d 927, 929 (8th Cir. 1980). Because Goodwin requests relief in light of a recent Supreme Court decision, the Court interprets Goodwin's motion to request relief under 28 U.S.C. § 2255(h)(2). Section 2255(a) permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if

uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States,* 742 F.3d 1079, 1081-82 (8th Cir. 2014) (citation omitted). When a prisoner files more than one motion under § 2255, a district court may not hear the successive petition unless it has been "certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h).

Because the Court denied Goodwin's first motion to vacate on the merits, his current motion to vacate is treated as a successive § 2255 motion. *See U.S. v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) ("[a] key factor in determining whether a petition should be considered 'second or successive' is whether a prior petition has been adjudicated on the merits") (citation omitted). Since Goodwin has not received certification from the Eighth Circuit, the Court lacks jurisdiction to hear his successive motion.

Even if the Court had jurisdiction to hear Goodwin's motion, it would be compelled to deny it. Goodwin pleaded guilty to and was sentenced for Assault with a Dangerous Weapon in Aid of Racketeering under 18 U.S.C. § 1959(a)(3). *Davis* invalidated the residual clause under 18 U.S.C. § 924(c). *Davis*, 139 S. Ct. at 2326-27, 2336. Goodwin did not plead guilty to and was not sentenced under § 924(c); as a result, *Davis* is inapplicable to Goodwin's case and does not provide relief.

## II. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that

"the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court finds it unlikely that another court would decide the issues raised in Goodwin's motion differently and the issues are not debatable or deserving of further proceedings. The Court therefore concludes that Goodwin has failed to make the required substantial showing of the denial of a constitutional right and will deny a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket Nos. 1923 and 1928] is **DENIED**.

2. Defendant's Motion to Appoint Counsel [Docket Nos. 1923 and 1928] is **DENIED** as moot.

3. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c)(2) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 3, 2019                        s/John R. Tunheim  
at Minneapolis, Minnesota.                JOHN R. TUNHEIM  
                                                    Chief Judge  
                                       United States District Court